USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/20/2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

LUTFUR NAHAR,                                  :

                          Plaintiff,       :

    -against-                                    :

DOZEN BAGELS CO. INC.,                         :
d/b/a BAGEL CAFÉ, et al.,
                                       :

                     Defendants.
------------------------------------------------------------x

**MEMORANDUM
DECISION AND ORDER**

15cv1613-ALC-FM

**FRANK MAAS**, United States Magistrate Judge.

       Plaintiff Lutfur Nahar ("Nahar") brings this putative collective action on behalf of herself and other similarly-situated persons, seeking to recover unpaid minimum wages and overtime compensation pursuant to the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and the New York Labor Law ("NYLL"), N.Y. Lab. Law § 190, et seq. (See ECF No. 8 (First Amended Complaint ("FAC"))).

       Nahar has moved for: (1) conditional certification of a collective action under the FLSA; (2) court-facilitated notice of the action to all potential opt-in plaintiffs; and (3) expedited disclosure of potential plaintiffs' contact information. (ECF No. 27). For the reasons set forth below, Nahar's motion is granted. As the parties impliedly recognize, this is within the scope of my authority under 28 U.S.C. § 636(b)(1)(A). See Iriarte v. Redwood Deli and Catering, Inc., No. CV-07-5062 (FB) (SMG), 2008 WL 2622929, at *1 n.1 (E.D.N.Y. June 30, 3008).

I.      Factual Background

Defendants Dozen Bagels Co., Shlomo Bador, and Avi Bador (collectively, the "Defendants") operate a restaurant in Manhattan known as "Bagel Café."  (FAC ¶¶ 17-21).  Nahar was employed by the Defendants as a cashier and deli counter worker at Bagel Café from some time in 2011 until February 2015.  (FAC ¶ 16; ECF No. 29-3 (Decl. of Lutfur Nahar, dated June 12, 2015 ("Nahar Decl.")), ¶¶ 2, 8).

Nahar contends that she regularly worked between 68 and 77 hours per week during her employment at Bagel Café.  (Nahar Decl. ¶ 3).  She alleges that she was paid for some of her hours in excess of forty per week, but not for all of those hours, and not at the required one and one-half times her regular rate for overtime.  (Id. ¶¶ 4-5).[1]  In particular, Nahar alleges that the Defendants often would "shave" between six and twelve hours from her time cards each week, and would require that she work during uncompensated meal breaks, resulting in her being paid for fewer hours than she worked.  (Id. ¶¶ 6-7).  Recognizing that it would be premature at this juncture, the Defendants do not seriously dispute these allegations in the course of opposing the motion for conditional class certification.  (See ECF No. 49 (Defs.' Mem. of Law in Opp. ("Defs.' Mem.")) at 3 n.2).

---

[1]   By way of example, Nahar has submitted as exhibits to her motion copies of her time card and ADP earnings statement for the workweek of December 28, 2014, to January 3, 2015, which indicate that she worked 76.55 hours but was paid only for thirty hours.  (See ECF Nos. 29-5 (time card), 29-6 (ADP earnings statement)).  Nahar concedes that the Defendants would pay her in cash for some of each week's hours, including some overtime hours, but only at her regular hourly rate.  (See FAC ¶ 25).

Nahar alleges that she and other non-managerial Bagel Café employees were victims of a common compensation policy pursuant to which, in violation of the FLSA, they were not paid minimum wage for all hours worked, or overtime when they worked in excess of forty hours per week. (Nahar Decl. ¶ 9; see also ECF No. 30 (Pl.'s Mem. of Law ("Pl.'s Mem.")) at 1). Nahar alleges that these non-managerial employees included cashiers, deli counter workers, dishwashers, delivery persons, bagel makers, stock persons, salad preparers, porters, kitchen helpers, food preparers, and cooks. (Nahar Decl. ¶ 9). She states that many of these employees complained to her about the Defendants' improper practices, including two of her former co-workers, Zahirul H. Khan ("Khan"), a deli counter worker, dishwasher, and food deliverer, and Hassan M. Mehadi ("Mehadi"), a deli counter worker and food deliverer.[2] Nahar also notes that Cecilio Villareal ("Villareal"), another former non-managerial employee of Bagel Café, filed a wage-and-hour complaint against the Defendants in August 2014. (See Pl.'s Mem. at 3; ECF No. 29-4 ("Villareal Compl.")).

II.     Legal Standard

The FLSA establishes a minimum hourly wage that employers must pay their employees and requires employers to pay overtime wages, at a rate of one and one-

---

[2] Khan and Mehadi were originally named as plaintiffs in this lawsuit, but voluntarily dismissed their claims without prejudice on March 20, 2015. (See ECF Nos. 6-7). Nahar alleges that this was the result of the Defendants' intimidation. (See FAC ¶ 68; ECF No. 50 (Pl.'s Reply Mem. of Law ("Reply")) at 2 n.1).

half times an employee's normal hourly rate, for any hours worked in excess of forty hours in a single week. 29 U.S.C. §§ 206, 207.

The FLSA authorizes an aggrieved employee to maintain a collective action on behalf of herself and "other employees similarly situated." 29 U.S.C. § 216(b). Such an action is not subject to the class action requirements of Rule 23 of the Federal Rules of Civil Procedure. Davis v. Lenox Hill Hosp., No. 03 Civ. 3746 (DLC), 2004 WL 1926086, at *7 (S.D.N.Y. Aug. 3, 2004). Accordingly, there need not be a showing of numerosity, commonality, typicality, or adequacy of representation. Id. To bring a collective action, a plaintiff first must show that the defendants' pay practices violated the FLSA. 29 U.S.C. § 216(b). Plaintiffs who wish to participate in that collective action then must "opt-in" by consenting in writing to join the suit and filing their consents with the court in which the original action was brought. Id. In keeping with the FLSA's "broad remedial purpose," district courts may facilitate notice to other potential similarly-situated employees to inform them of the opportunity to opt-in. Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165, 169-70, 173 (1989).

Courts in this Circuit employ a two-step process to decide whether to certify a collective action under Section 216(b). See Myers v. Hertz Corp., 624 F.3d 537, 554-55 (2d Cir. 2010); Lynch v. United Servs. Auto. Ass'n, 491 F. Supp. 2d 357, 367-68 (S.D.N.Y. 2007). At the first step, the court makes an initial determination as to whether other potential plaintiffs are situated similarly to the named plaintiff with respect to the alleged FLSA violations. Myers, 624 F.3d at 555. At the second step, following

discovery, the court reconsiders its preliminary determination as to whether the opt-ins are similarly situated.  Id.

Although the FLSA itself does not define the term "similarly situated," courts require that there be a "factual nexus between the claims of the named plaintiff and those who have chosen [or might potentially choose] to opt-in to the action."  Davis, 2004 WL 1926086, at *7 (internal quotation marks omitted).  The relevant issue is not whether the named plaintiff and potential opt-in plaintiffs are identical in all respects, but, rather, whether they all allegedly were subject to a common employment policy that violated the FLSA.  Hoffman v. Sbarro, Inc., 982 F. Supp. 249, 261 (S.D.N.Y. 1997) (Sotomayor, D.J.).

Because the preliminary conditional certification takes place early in the litigation and often before discovery has begun, a named plaintiff need make only a "modest factual showing" that she and other potential opt-in plaintiffs "together were victims of a common policy or plan that violated the law."  Sbarro, 982 F. Supp. at 261.  Plaintiffs may satisfy this burden by relying on "their own pleadings, affidavits, [and] declarations, or the affidavits and declarations of other potential class members."  Hallissey v. Am. Online, Inc., No. 99 Civ. 3785 (KTD), 2008 WL 465112, at *1 (S.D.N.Y. Feb. 19, 2008).  Indeed, the burden is so low that even one or two declarations establishing the common plan may suffice.  See, e.g., Hernandez v. Bare Burger Dio Inc.,

No. 12 Civ. 7794 (RWS), 2013 WL 3199292, at *3 (S.D.N.Y. June 25, 2013) (conditional certification granted based solely on named plaintiff's declaration). Unsupported assertions in the pleadings, however, cannot satisfy a plaintiff's burden. Myers, 624 F.3d at 555.

When there are ambiguities in the papers seeking collective action status, the court must "draw all inferences in favor of the [p]laintiff" at the preliminary certification stage. Mendoza v. Ashiya Sushi 5, Inc., No. 12 Civ. 8629 (KPF), 2013 WL 5211839, at *4 (S.D.N.Y. Sept. 16, 2013) (quoting Jenkins v. TJX Cos. Inc., 853 F. Supp. 2d 317, 322 (E.D.N.Y. 2012)). Thus, at this stage, the court may not "resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." Lynch, 491 F. Supp. 2d at 368; see also Hoffmann-La Roche, 493 U.S. at 174 ("[T]rial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action."). Nor should the court "weigh the merits of the underlying claims in determining whether potential opt-in plaintiffs may be similarly situated." Lynch, 491 F. Supp. 2d at 368. The court's limited role at this stage is simply to determine whether the plaintiff has sufficiently alleged that she and other employees were victims of a common compensation policy that violated the FLSA. Id.

Once notice has been sent to the potential opt-in plaintiffs and after discovery closes, the court may entertain a defendant's motion to de-certify the action. This second stage of the process involves a "more stringent factual determination," id., which requires the court, "on a fuller record, [to] determine whether a [collective action]

may go forward [because] the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs," Myers, 624 F.3d at 555.  If the opt-in plaintiffs are revealed not to be similarly situated, the court may decertify the class and dismiss the opt-in plaintiffs' claims without prejudice.  Id.

III.  Discussion

    A.  Conditional Collective Action Certification

For the reasons set forth below, Nahar has made the requisite "modest factual showing" that she and other non-managerial Bagel Café employees were "victims of a common policy or plan that violated the law."  Sbarro, 982 F. Supp. at 261.

    1.  Nahar's Individual FLSA Claims

To bring a collective action, Nahar first must show that she, herself, was a victim of the Defendants' illegal pay practices.  See Vengurlekar v. Silverline Techs., Ltd., 220 F.R.D. 222, 230 (S.D.N.Y. 2003) (denying collective action certification where named plaintiffs were exempt from the FLSA's requirements).  In her declaration, Nahar states that she regularly worked between 68 and 77 hours per week, but was paid neither for all of these hours nor overtime for her hours in excess of forty per week.  (Nahar Decl. ¶¶ 3-7).  Based on the number of hours she allegedly worked each week, and the amount she was paid, Nahar claims to have been subject to both minimum wage and overtime FLSA violations.  The Defendants evidently concede that Nahar's allegations are sufficient to make out a prima facie case under the FLSA.  (See, e.g., Defs.' Mem. at 7 ("At best, Plaintiff's declaration alleges that she worked over forty hours per week and

that <u>she</u> suffered from an overtime violation.") (emphasis in original)).  Accordingly, I find that, through her declaration alone, Nahar has adequately alleged that she was subject to minimum wage and overtime violations.  The only remaining question presented by Nahar's motion is whether she also has shown that there are other similarly-situated potential plaintiffs.

    2. <u>Other Similarly-Situated Potential Plaintiffs</u>

  In her declaration, Nahar states that, while she was employed at Bagel Café, she was told by Khan and Mehadi, as well as "many other employees," that they were not being paid minimum wage for all hours worked or overtime for hours worked in excess of forty per week.  (Nahar Decl. ¶ 9).  The original complaint in this action, which included Khan and Mehadi as named plaintiffs, contained more detail regarding these allegations against the Defendants, but those allegations were removed after Khan and Mehadi voluntarily dismissed their claims.  (<u>See</u> ECF No. 1 ("Compl."), ¶¶ 16-47).  Furthermore, Villareal, another non-managerial employee, also filed a wage-and-hour complaint, although that case appears to have been settled.[3]  (<u>See</u> Pl.'s Mem. at 3; <u>Villareal</u> Compl.).  The statements that Nahar attributes to Khan and Mehadi are, of course, hearsay, but may be relied upon at this stage.  See <u>Salomon v. Adderley Indus., Inc.</u>, 847 F. Supp. 2d 561,

---

  [3] Villareal worked for the Defendants at Bagel Café as a stock person, porter, kitchen helper, food preparer, and food delivery person.  (<u>Villareal</u> Compl. ¶ 21).  His case, which involved claims substantially similar to those at issue here, was dismissed with prejudice after counsel advised the Court of their settlement.  (<u>See</u> <u>Villareal v. Dozen Bagels Co., Inc.</u>, 14cv6241(LTS), ECF No. 14).  While Villareal thus may not be able to join the collective action, the fact that he filed his suit is somewhat – albeit minimally – probative of the existence of similarly-situated potential plaintiffs with claims against the Defendants.

563 (S.D.N.Y. 2012) ( "[C]ourts regularly rely on . . . hearsay statements in determining the propriety of sending notice" in FLSA conditional certification cases). Nahar thus has adequately alleged that she and other non-managerial employees of Bagel Café were victims of a common compensation policy that violated the FLSA.

In an effort to avert this conclusion, the Defendants argue that Nahar's declaration consists of "unsupported" and "conclusory" statements that do not satisfy her minimal burden. (See Defs.' Mem. at 4-8 (citing Sanchez v. JMP Ventures, L.L.C., No. 13 Civ. 7264 (KBF), 2014 WL 465542 (S.D.N.Y. Jan. 27, 2014); Zheng v. Good Fortune Supermarket Group (USA) Inc., No. 13-CV-60 (ILG) (RLM), 2013 WL 5132023 (E.D.N.Y. Sept. 12, 2013))). Neither of the cases primarily relied upon by the Defendants, however, suggests that Nahar's motion should be denied.

In Sanchez, a delivery person sought collective action certification on behalf of "all tipped employees" – not just delivery persons – employed by the defendants at three restaurant locations over a three-year period. 2014 WL 465542, at *1. The plaintiff himself had worked for the defendants for only seven months, and only at two of the three locations. Id. at *2. He alleged that the defendants had a common practice of paying neither the minimum wage nor overtime wages, based on his "observations" and "conversations" with other employees, whom he listed by first name only. Id. In denying the plaintiff's motion for collective action certification, Judge Forrest found dispositive the fact that the plaintiff had not "provide[d] any detail as to a single such observation or conversation." Id.

In Zheng, a supermarket clerk sought collective action certification on behalf of all supermarket clerks at three different supermarket locations. 2013 WL 5132023, at *1. She supported her application largely through conclusory statements about the defendants' allegedly company-wide payroll practices and the assertion that "other Good Fortune Supermarket clerks" had "informed her 'that they suffered the same illegal practices,'" but did "not identify a single fellow employee who so informed her." Id. at *5. In the course of denying the plaintiff's motion for collective action certification, the court consequently adopted the defendants' position that she had made "no effort to detail the precise mechanisms by which she observed any other clerk being injured." Id. At the same time, however, the court acknowledged that two decisions from this District had reached a different conclusion on closely analogous facts. See id. at *7 (citing Khalil v. Original Homestead Rest., Inc., 07 Civ. 695 (RJH), 2007 WL 7142139 (S.D.N.Y. Aug. 9, 2007); Khamsiri v. George & Frank's Japanese Noodle Rest. Inc., No. 12 Civ. 265 (PAE), 2012 WL 1981507 (S.D.N.Y. June 1, 2012)).

In this case, unlike Sanchez or Zheng, Nahar seeks collective action status on behalf of approximately forty individuals, all of whom worked at the single location where she herself was employed. (Nahar Decl. ¶ 10; Pl.'s Mem. at 5). Nahar relies on not only her own observations, but on the statements of two specific employees – Khan and Mehadi – who allegedly told Nahar that they were not paid minimum wage and did not receive overtime compensation. Moreover, the fact that those employees were formerly named plaintiffs lends credence to Nahar's assertions. (See Compl. ¶¶ 16-47).

Although Khan's and Mehadi's claims in the original complaint obviously did not take the form of sworn declarations, such proof is not required at this stage. See, e.g., Hallissey, 2008 WL 465112, at *1 (plaintiff may rely on "[her] own pleadings, affidavits, declarations, or the affidavits and declarations of other potential class members" to satisfy her first-step burden) (emphasis added); Khamsiri, 2012 WL 1981507, at *1 (granting conditional collective certification based on a single employee's affidavit alleging that she and other employees who performed "similar" work were paid less than the statutory minimum and not compensated for overtime); Bowens v. Atlantic Maint. Corp., 546 F. Supp. 2d 55, 82-84 (E.D.N.Y. 2008) (conditional certification granted despite lack of any evidence corroborating plaintiff's own affidavit).

   Finally, relying on decisions from other jurisdictions, the Defendants argue that Nahar's motion should be denied because she has failed to establish that others wish to join this suit. (Defs.' Mem. at 8 (citing Horne v. United Servs. Auto Ass'n, 279 F. Supp. 2d 1231 (M.D. Ala. 2003); Colozzi v. St. Joseph's Hosp. Health Ctr., 595 F. Supp. 2d 200 (N.D.N.Y. 2009) (relying on cases from the Eleventh Circuit, the Middle District of Alabama, and the Western District of Tennessee); Simmons v. T-Mobile USA, Inc., 2007 WL 210008 (S.D. Tex. Jan. 24, 2007))). Suffice it to say, this is not the prevailing view in this District. See, e.g., Pefanis v. Westway Diner, Inc., No. 08 Civ. 2 (DLC), 2008 WL 4546526, at *1 (S.D.N.Y. Oct. 8, 2008); accord Calderon v. King Umberto, Inc., 892 F. Supp. 2d 456, 460 (E.D.N.Y. 2012). Indeed, Nahar has alleged that the Defendants in this case engaged in retaliatory conduct. (See Reply at 6-7). This alone

may explain the lack of opt-ins and the decision of two prior plaintiffs to dismiss their claims.  See Pefanis, 2008 WL 4546526, at *1 ("Current employees may hesitate to join a lawsuit against their employer for many reasons, such as fear of retaliation.").

In sum, the relevant issue at the preliminary certification stage is not whether the named plaintiff and any potential opt-in plaintiffs are identical in all respects, but, rather, whether they all allegedly were subject to a common employment policy that violated the FLSA.  Here, Nahar's proffered evidence is more than sufficient to make the required "modest factual showing" that she and other potential opt-in plaintiffs "together were victims of a common policy or plan that violated the law."  Sbarro, 982 F. Supp. at 261. Accordingly, Nahar has adequately alleged the existence of similarly-situated potential plaintiffs.

        3.      Scope of the Proposed Collective Action

Nahar seeks conditional certification on behalf of not only all Bagel Café cashiers and deli counter workers, but also other non-managerial Bagel Café employees, including dishwashers, delivery persons, bagel makers, stock persons, salad preparers, porters, kitchen helpers, food preparers, and cooks.  The Defendants argue that, even if conditional certification is granted, the employees to be noticed should be limited to other non-managerial Bagel Café employees who had job responsibilities identical to Nahar's job responsibilities, i.e., cashiers and deli counter workers. (Defs.' Mem. at 2-3, 9). Noticeably absent from the Defendants' papers, however, is any authority that would support such a cribbed definition of who may join this suit.

At the preliminary collective action certification stage, courts routinely permit employees with different job duties to be grouped in one class so long as they are "similarly situated" under the law.  See, e.g., Schwerdtfeger v. Demarchelier Mgmt., Inc., 10 Civ. 7557 (JGK), 2011 WL 2207517, at *4 (S.D.N.Y. June 6, 2011) (fact that restaurant employees performed different functions did not bar conditional certification); Sanchez v. La Cocina Mexicana, Inc., No. 09 CIV. 9072 (SAS), 2010 WL 2653303, at *1 (S.D.N.Y. July 1, 2010) (rejecting defendants' attempt to distinguish among cooks, waiters, and bartenders at preliminary certification stage); Iglesias-Mendoza v. La Belle Farm, Inc., 239 F.R.D. 363, 368-69 (S.D.N.Y. Jan. 29, 2007) (rejecting defendants' argument that duck feeders were sufficiently different from other poultry facility employees to justify limiting preliminary certification to only them).  In any event, Khan also worked as a dishwasher and food deliverer, and Mehadi also worked as a food deliverer.  There consequently is no factual basis for narrowing the class in the manner that the Defendants suggest.

Accordingly, the collective action will be conditionally certified on behalf of all non-managerial Bagel Café employees – including cashiers, deli counter workers, dishwashers, delivery persons, bagel makers, stock persons, salad preparers, porters, kitchen helpers, food preparers, and cooks – employed by the Defendants over the past three years.

B.     Notice to Similarly-Situated Plaintiffs

Nahar further requests court-facilitated notice of this action to all potential opt-in plaintiffs, as well as approval of her proposed FLSA notice and consent form.

The Supreme Court has recognized that the benefits of collective actions "depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." Hoffmann-La Roche, 493 U.S. at 170. District courts therefore are encouraged to "begin [their] involvement [in the notice process] early, at the point of the initial notice." Id. at 171. "By monitoring preparation and distribution of the notice, a court can ensure that it is timely, accurate, and informative." Id. at 172.

District courts have considerable discretion regarding the form of notice to the collective class. Hoffmann-La Roche, 493 U.S. at 170. Here, the Defendants do not dispute Nahar's right to circulate a notice if a class is preliminarily certified. Indeed, such court-facilitated notice is appropriate "to prevent erosion of claims due to the running statute of limitations, as well as to promote judicial economy." Khamsiri, 2012 WL 1981507, at *1.

The Defendants, however, have raised several issues with regard to Nahar's proposed notice. (See Defs.' Mem. at 10; ECF No. 29-7 ("Proposed Notice")). I find these to be largely without merit. For example, the Defendants ask that the notice provide for opt-in consents to be sent to the Clerk of the Court. (Defs.' Mem. at 10). This is unnecessary and would be burdensome to the Court. See Whorley v. Jonrocman 930,

LLC, No. 14-CV-1239 (PKC), 2015 WL 3609152, at *4 (S.D.N.Y. June 8, 2015) (directing counsel to "remove the clause that allows consent forms to be received by the Clerk of the Court.").[4]  Similarly, the Defendants ask the Court to include "an affirmative statement" that the mere receipt of the notice does not mean that an employee has a valid claim or is entitled to money.  (Defs.' Mem. at 10).  In my judgment, however, Paragraphs 4 and 6 of Nahar's Proposed Notice already communicate that information adequately to the potential opt-in plaintiffs.  (See Proposed Notice ¶¶ 4, 6).

There is one requested modification that does seem reasonable.  Accordingly, between the current Paragraphs 16 and 17, Plaintiff's counsel should insert the following language:

> **Who represents the Defendants?**
>
> The Defendants are represented by Douglas Varacalli, of Sirotkin, Varacalli, & Hamra, LLP, 110 East 59th Street, Suite 3200, New York, New York 10022, (646) 590-0571.

In addition, there are other minor edits that the Court will transmit to counsel via email.

C.  Discovery of Names and Contact Information of Potential Opt-In Plaintiffs

Finally, Nahar asks that the Court direct the Defendants to produce the "names, last known addresses, telephone numbers (both home and mobile), e-mail addresses and dates of employment" of all putative class members employed by the Defendants within the past six years.  (Pl.'s Mem. at 14).  As the Defendants accurately

---

[4]   The decision in Whorley later was vacated due to plaintiff's counsel's failure to submit a revised order and notice.  (See 14-CV-1239, ECF Nos. 29, 30).

note, however, Nahar has not sought to certify a Rule 23 class under the NYLL. Instead, she simply seeks conditional certification of a collective action under the FLSA. The maximum limitations period under that statute – applicable to wilful violations – is three years. 29 U.S.C. § 255. Nahar's suit was filed on March 4, 2015. (Compl.). As a consequence, because the FLSA limitations period is not tolled until a plaintiff opts in, see 29 U.S.C. § 256, March 4, 2012, is the "earliest possible date that a plaintiff in this case may have been last employed by [the D]efendants in order to have a timely claim under the FLSA," Sexton v. Franklin First Fin., Ltd., No. 08 Civ. 04950 (JFB) (ARL), 2009 WL 1706535, at *10 (E.D.N.Y. June 16, 2009). The Defendants therefore need only provide the requested information for non-managerial employees who were employed on or after that date.

   For all such employees, the Defendants shall produce to Nahar a list (in Excel format, if that is reasonably available) setting forth their names, addresses, email addresses, telephone numbers, and dates of employment. This information is to be produced by November 2, 2015.

IV.     Conclusion

For the reasons set forth above, Nahar's motion for conditional collective action certification and related relief, (ECF No. 27), is granted, but the notice shall be sent only to persons employed by Bagel Café on or after March 4, 2012.

SO ORDERED.

Dated:      New York, New York
            October 20, 2015

_____
FRANK MAAS
United States Magistrate Judge

Copies to all counsel via ECF